**UNITED STATES COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

Case No.:

AURELIO NAVARRETE,

    Plaintiff,

vs.

DION OUTSOURCING, INC.,
a Florida Profit Corporation, and
JEFFREY GILMORE,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, AURELIO NAVARRETE ("Mr. NAVARRETE"), by and through the undersigned attorneys, sues Defendants, DION OUTSOURCING, INC. ("DION OUTSOURCING"), and JEFFREY GILMORE ("Mr. Gilmore") (Collectively, "Defendants"), and alleges the following:

**GENERAL ALLEGATIONS**

1. This is an action to recover the unpaid wages and overtime compensation, liquidated damages, attorneys' fees and costs pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* against Defendants.

2. Plaintiff, Mr. NAVARRETE, resides within the geographical jurisdiction of the Middle District of Florida, is over the age of 18 and is otherwise *sui juris*.

3. Defendant, DION OUTSOURCING, is a profit corporation, with its principal place of address at 6061 17th Street East, Bradenton, FL 34203, and within the jurisdiction of this Court.

4. At all times material hereto, DION OUTSOURCING existed for the manufacture and preparation of aluminum products.

5. Defendant, Mr. Gilmore, resides within the geographical jurisdiction of the Middle District of Florida, is over the age of 18 and is otherwise *sui juris.*

6. At all times material hereto, Mr. Gilmore was the President of DION OUTSOURCING and was responsible for its daily operations, including all payroll practices and decisions.

7. Mr. Gilmore approved and ratified all unlawful payroll policies, practices, and procedures transgressing the requirements of the FLSA mentioned herein.

8. At all times material hereto, Mr. Navarrete was employed by DION OUTSOURCING.

9. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. §216(b).

10. Upon information and belief, DION OUTSOURCING's gross annual revenues were in excess of $500,000.00 per year in the years 2016, 2017, and 2018, and will exceed the same in 2019.

11. At all relevant times, DION OUTSOURCING has been and continues to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. Upon information and belief, DION OUTSOURCING (1) had employees engaged in interstate commerce or in the production of goods for interstate commerce, and (2) had employees who handled, sold, or otherwise worked on goods or materials that have been moved in, or produced for, interstate commerce in the years 2016 - 2019. DION OUTSOURCING has employed and/or continues to employ "employee[s],"

including Mr. NAVARRETE, who themselves handled equipment and supplies that had travelled in interstate "commerce" for the purpose of conducting business.

12. Therefore, based on the aforementioned, DION OUTSOURCING was at all times hereafter mentioned, engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

13. At all times material hereto, Mr. Navarrete, in performing his job duties, was engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(r), 203(s), 206(a) and 207(a).

14. From June, 2018 to approximately April 11, 2019, Mr. Navarrete was employed by DION OUTSOURCING in the areas of welding and general labor.

15. At all times pertinent to the Complaint, Defendants failed to comply with §§ 29 U.S.C. 201- 219 as Mr. Navarrete performed hours of service for DION OUTSOURCING in excess of forty (40) hours during one or more workweeks, for which DION OUTSOURCING failed to properly pay additional overtime premiums. Specifically, Mr. Navarrete was required to work fifty seven (57) hours per week, and was paid a "salary," consisting of his regular rate of pay.

16. Rather than properly pay Mr. Navarrete overtimes wages, as is mandated by law, DION OUTSOURCING would have him "clock in" on a separate clock and would pay him his normal salary, rather than time and one-half.

17. Mr. Navarrete was not exempt from the right to receive the appropriate overtime pay under the FLSA.

18. Rather, Mr. Navarrete solely performed non-exempt work, that is, Mr. Navarrete's primary duties consisted of welding aluminum and other non-supervisory roles.

19. Mr. Navarrete was not free from supervision in connection with matters of significance such as project management or operations. Moreover, Mr. Navarrete did not customarily and regularly supervise two (2) or more full-time employees or their equivalent.

20. Upon information and belief, Defendants further failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Mr. Navarrete.

21. The pay practice on the part of Defendants violated the FLSA as Defendants failed to properly pay overtime to Mr. Navarrete for those hours worked in excess of forty (40).

22. Since June 1, 2018, Defendants (1) employed Mr. Navarrete; and (2) suffered or permitted to be suffered, with knowledge, hours of service by Mr. Navarrete in excess of forty (40) during one or more workweeks, for which DION OUTSOURCING failed to properly pay additional overtime premiums.

23. Upon information and belief, Defendants' failure to properly pay overtime for those hours worked in excess of forty (40) is not unique to Mr. Navarrete. Rather, Defendants utilized the exact same aforementioned scheme, in violation of the FLSA, for all employees at various locations with similar job titles and qualifications.

24. All of these aforementioned DION OUTSOURCING employees were and have been subject to a payroll policy, practice, and procedure transgressing the requirements of the FLSA.

25. As a result, there exist many other "similarly situated" employees, within the meaning of 29 U.S.C. § 216(b). This putative class includes every employee of DION OUTSOURCING that was not employed in a managerial or supervisory capacity (*e.g.,* all welders and laborers) and employed for any length of time since three (3) years prior to the filing of the instant lawsuit. Like Mr. Navarrete, all members of this putative class were paid their respective

standard rates of pay for hours worked over forty (40) each week, rather than time and one-half, as is required under Federal law.

**COUNT I**
**RECOVERY OF UNPAID OVERTIME- VIOLATION OF THE FLSA, 29 U.S.C. § 207 ON BEHALF OF AURELIO NAVARRETE AGAINST ALL DEFENDANTS**

26. AURELIO NAVARRETE re-alleges and reaffirms paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for Unpaid Overtime on behalf of Mr. Navarrete against all Defendants.

28. During Mr. Navarrete's employment with DION OUTSOURCING, he worked hours in excess of forty (40) for which she was not properly compensated.

29. Mr. Navarrete was entitled to be paid at the rate of time and one-half for hours worked in excess of forty (40) hours per week pursuant to the FLSA.

30. Mr. Navarrete was never paid overtime for the hours he worked for DION OUTSOURCING. Mr. Navarrete performed remunerative services for fifty-seven (57) hours per week, each week, during his employment with DION OUTSOURCING:

31. In total, upon information and belief, Mr. Navarrete worked a total of 748 of overtime hours for DION OUTSOURCING. For each of those hours, Mr. Navarrete was paid his usual rate of $13.15 per hour as a "salary," rather than time and one-half of $19.73 per hour, as is mandated by law.

32. Furthermore, Mr. Navarrete was not paid for the full value of his final paycheck. Rather, Mr. NAVARRETE only received $230.00 as a final paycheck.

33. In addition to the above, a deduction of $50 from each paycheck was automatically deducted to repay a "loan" to Mr. Gilmore.

34. Mr. Navarrete was entitled to be paid the regular rate and overtime rate for the relevant time periods as referenced above. Defendants have failed and refused to do so.

35. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by DION OUTSOURCING's failure to pay Mr. Navarrete time and one-half wages for the hours he worked in excess of forty (40) hours per week when Defendants knew or should have known such was due. Rather, DION OUTSOURCING attempted to intentionally skirt federal law by paying a "salary" of his regular per-hour rate.

36. Defendants failed to properly disclose or apprise Mr. Navarrete of his rights under the FLSA.

37. Defendants failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Mr. Navarrete.

38. Mr. Navarrete is entitled to liquidated damages pursuant to the FLSA.

39. Due to the intentional, willful, and unlawful acts of DION OUTSOURCING, Mr. Navarrete has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, together with interest.

40. Mr. Navarrete is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

41. Mr. Navarrete demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff, AURELIO NAVARRETE, respectfully requests that a judgment be entered against Defendants, DION OUTSOURCING, INC., and JEFFREY GILMORE:

    a. Declaring that Defendants have violated the overtime provisions of 29 U.S.C. § 207;

b.  Awarding Mr. Navarrete overtime compensation in the amount to be calculated;

c.  Awarding Mr. Navarrete liquidated damages in the amount to be calculated;

d.  Awarding Mr. Navarrete reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.  Awarding Mr. Navarrete pre- and post-judgment interest; and

f.  Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

Respectfully Submitted on this 9th day of May, 2019.

Pike & Lustig, LLP
*/s/ Daniel Lustig*
Michael J. Pike
Florida Bar No.: 617296
Daniel Lustig
Florida Bar No.: 059225
1209 N. Olive Ave.
West Palm Beach, FL 33401
Telephone: (561) 855-7585
Facsimile: (561) 855-7710
Email:  pleadings@pikelustig.com
*Counsel for Plaintiff*